Filed 7/8/26  P. v. Vasquez CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B351422 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA095636) |
| v. | |
| ISAIAS VASQUEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Richard M. Goul, Judge.  Affirmed with directions.

Isaias Vasquez, in pro. per., Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————————

Isaias Vasquez appeals from the superior court's order denying his petitions for resentencing filed under Penal Code sections 1170, 1172.1, and 1172.6.[1] We appointed counsel to represent Vasquez on appeal. After reviewing the record, counsel for Vasquez filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 that did not identify any arguable issues. After reviewing the contentions in Vasquez's supplemental brief, we have not identified any either. Therefore, we affirm. However, we direct the court to correct a clerical error in the abstract of judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

On April 28, 2013 Vasquez knocked on the front door of Carlos M.'s house. When Carlos's mother came to the door, Vasquez asked whether Carlos was home. Carlos came to the door, and Vasquez shot him seven times with a semiautomatic firearm.

Vasquez was charged in an information with one count of attempted willful, deliberate, and premeditated murder (§§ 187, 664; count 1); and one count of shooting at an inhabited dwelling (§ 246; count 2). As to both counts, the information alleged Vasquez personally and intentionally discharged a firearm within the meaning of section 12022.53, subdivisions (b) through (d).

On July 16, 2014 Vasquez pleaded no contest on count 1 to attempted murder and admitted the firearm use allegation (§ 12022.53, subd. (c)) and that he was at least 16 years old when

_____

[1] Further undesignated statutory references are to the Penal Code.

he committed the offense (Welf. & Inst. Code, § 707, subd. (d)(1)).[2] The trial court dismissed count 2 and sentenced Vasquez to an aggregate sentence of 29 years in state prison, comprising the upper term of nine years for the attempted murder and 20 years for the firearm enhancement.

A.      *Petition for Resentencing Under Section 1172.6*

On April 4, 2023 Vasquez filed a form petition for resentencing under former section 1170.95 (now section 1172.6).[3] Vasquez checked the boxes indicating that he "was convicted of murder, attempted murder, or manslaughter following a trial or I accepted a plea offer in lieu of a trial" and that he "could not presently be convicted of murder or attempted murder because of changes made to sections 188 and 189, effective January 1, 2019." Vasquez requested and was appointed counsel.

In their opposition, the People argued Vasquez was not eligible for relief because "Vasquez plead no contest to . . . attempted murder as the actual shooter, therefore he had the required *mens rea* of specific intent to kill."

Vasquez filed a reply in which he argued the superior court should issue an order to show cause and set an evidentiary

---

[2]      The court struck the "premeditated" language in the information before accepting Vasquez's plea.  However, the abstract of judgment incorrectly states that Vasquez was convicted of attempted willful, premeditated murder.  We direct the superior court to correct the abstract of judgment to reflect Vasquez's conviction of attempted murder.

[3]      Effective June 30, 2022, the Legislature renumbered former section 1170.95 as section 1172.6 without substantive change.  (Stats. 2022, ch. 58, § 10.)

hearing because it was improper for the court to consider at the prima facie review stage whether he had the specific intent to kill.

B.      *Petition for Resentencing Under Section 1172.1*

On April 2, 2024 Vasquez filed a form petition requesting the superior court recall his sentence and resentence him pursuant to Assembly Bill No. 600 (2023-2024 Reg. Sess.) and section 1172.1.[4]  In his petition, Vasquez argued he was entitled to sentencing relief because of three changes in the law: (1) amendments to sections 1170 and 1170.1 (requiring proof of aggravating factors to support an upper-term sentence); (2) amendments to section 1385, subdivision (c)(2) (requiring that the court dismiss an enhancement "if it is in the furtherance of

---

[4]      Assembly Bill No. 600 amended section 1172.1, under which trial courts now have jurisdiction to resentence a defendant on the court's own motion if the applicable sentencing laws have changed since the original sentencing due to changes in statutory or case law.  Section 1172.1, subdivision (a)(1), provides:  "[T]he court may, on its own motion, within 120 days of the date of commitment or at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law, at any time upon the recommendation of the secretary or the Board of Parole Hearings in the case of a defendant incarcerated in state prison, the county correctional administrator in the case of a defendant incarcerated in county jail, the district attorney of the county in which the defendant was sentenced, or the Attorney General if the Department of Justice originally prosecuted the case, recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced."

4

justice" and to give great weight to specified mitigating circumstances); and (3) Senate Bill No. 620 (2017-2018 Sess.) (granting courts authority to dismiss firearm enhancements).

Vasquez stated as his reasons for relief: "I can show that I got a high school diploma. I [have] been out of trouble these past years. I go to [various rehabilitation] group[s]. I had a kitchen job. I am doing things that can get me release[d], I can show I'm a[n] inmate that programs. I don't condone violence. I don't condone negative relationships. I do help others with anything that I can help others with. I do believe I can be a good resident to the community if relief is granted. I've shown I can follow simple instructions the past two years. I could be a good community member."

On June 3, 2024 Vasquez, through his appointed counsel, filed a motion titled "Invitation to consider resentencing pursuant to former AB 600 now 1172.1." Vasquez attached his high school graduation diploma and other documents showing his progress in rehabilitation while in prison. Vasquez also submitted a handwritten statement setting forth his plans following release and how he would stay out of trouble.

In their opposition the People argued Vasquez was not entitled to file a petition seeking relief under section 1172.1, and the superior court did not have authority to impose a lesser sentence because the sentence was the result of a plea agreement. In addition, Vasquez was ineligible for resentencing because he had at least seven major violations while in prison, including attempted murder and assault.

C.     Heard *Petition*

On April 10, 2024 Vasquez filed a third petition, this time seeking to be resentenced under section 1170, subdivision (d)(1),[5] and *People v. Heard* (2022) 83 Cal.App.5th 608.  According to the petition, "section 1170, subdivision (d)(1) permits anyone who was under the age of 18 at the time of the crime and sentenced to life without parole . . . to petition for resentencing after 15 years of incarceration.  In *People v. Heard* . . . the Court of Appeal held that this statutory right extends to those sentenced to the functional equivalent of LWOP. . .  [¶]  The imposed sentence of 29 years [in] state prison is a de facto LWOP sentence."

The People opposed the motion on the basis Vasquez's 29-year sentence was not the functional equivalent of life without the possibility of parole and Vasquez had a parole eligibility date of September 2026, "which made him eligible for parole after serving less than half of his total sentence."  In addition, Vasquez was ineligible for relief under section 1170, subdivision (d)(1), because he had "not yet served 15 years of his 29-year sentence, having been sentenced in July of 2014 and [he] already has a parole suitability hearing set in March of 2027 which will be the 13th year of incarceration."

---

[5]     Section 1170, subdivision (d)(1)(A), states:  "When a defendant who was under 18 years of age at the time of the commission of the offense for which the defendant was sentenced to imprisonment for life without the possibility of parole has been incarcerated for at least 15 years, the defendant may submit to the sentencing court a petition for recall and resentencing."

6

D.      *The Superior Court's Ruling*

On December 10, 2025 the superior court denied Vasquez's petitions for resentencing.  With respect to Vasquez's petition filed under section 1172.6, the court explained that "defendant did plead no contest to attempted murder which does require an intent to kill.  And he did also admit that he personally discharged a firearm during the offense—to commit that offense.  There were no other defendants charged.  He was the actual shooter by the plain reading of the case file . . . and the statute to which he pled and admitted.  [¶]  The court does not believe that he met his prima facie burden of showing that he was convicted of a now no longer valid theory of homicide.  And, in fact, he was the actual killer or shooter, although this was not a complete murder, who possessed the intent to kill.  Therefore, he is not eligible by a matter of law so the court would deny the prima facie on the 1172.6."

The superior court stated with respect to Vasquez's petition under section 1172.1, that it "declines [the] invitation to resentence pursuant to Penal Code section 1172.1"[6]

The superior court also denied Vasquez's petition for resentencing under section 1170, subdivision (d)(1), explaining: "[Vasquez] was 17 at the time.  The court's going to indicate that it['s] not the functional equivalent of LWOP . . . [and] the defendant's violent conduct in this case is a grave concern to the court.  His performance in prison has been good but has not been flawless and the court is not convinced that the court has

---

[6]      We note that a superior court's decision not to recall and resentence a defendant under section 1172.1 is not an appealable order.  (*People v. Hodge* (2024) 107 Cal.App.5th 985, 996; *People v. Faustinos* (2025) 109 Cal.App.5th 687, 696-697.)

evidence that would indicate to the court that he would not be a risk, further threat to the public. [¶] The court believes that the parole board has already set up hearing dates for him and they are in a better position to determine whether he is suitable for parole. It appears that he in September of 2015, while in prison, participated in an attempted murder of another inmate with an inmate-manufactured weapon and he was transferred to a higher level facility for 35 months. He was later cited for possessing inmate-manufactured alcohol and later for inmate-manufactured alcohol again. [¶] [He] [p]articipated in 2020 with an assault and he was sentenced to four years prison consecutive during a prison assault. So he has simply shown that after receiving this sentence he is a continued threat so the court would decline the invitation to resentence the defendant based upon his violent conduct in prison which evinces a current and present danger to society."

Vasquez timely appealed from the denial of his three resentencing petitions.

## DISCUSSION

We appointed counsel to represent Vasquez in his appeal from the order denying his petitions for resentencing. After reviewing the record, counsel advised this court that he could not identify any arguable issues. Counsel advised Vasquez on April 7, 2026 that he was filing a brief stating he was unable to find any arguable issues and that Vasquez could personally submit any contentions he wanted the court to consider. Counsel sent Vasquez a copy of his brief, as well as the record on appeal.

On May 5, 2026 Vasquez filed a five-page handwritten supplemental brief addressing his resentencing petition under

8

section 1172.6.  Vasquez noted that the prosecutor during the hearing mentioned only Vasquez's disciplinary record while in prison.  Vasquez requested we consider that he "also [has] been doing good things for myself to better myself."  He elaborated: "During my incarceration, I have made wrong choices.  I was part of the Sureños Prison gang, that led me to problems, to violence and crime."  Since then, however, he dropped out of the gang, and he no longer wants "to live a life where violence is part of my environment."  Vasquez also explained that he committed the underlying offense because he believed the victim had raped his girlfriend, but she later admitted to Vasquez that she had lied about the rape.

Section 1172.6 authorizes a person convicted of felony murder, murder under the natural and probable consequences doctrine, or attempted murder under the natural and probable consequences doctrine, to petition the superior court to vacate the conviction and resentence the defendant on any remaining counts if he or she could not now be convicted of murder or attempted murder because of the legislative changes to the definitions of murder.[7]  (*People v. Emanuel* (2025) 17 Cal.5th 867, 880; *People v. Arellano* (2024) 16 Cal.5th 457, 468-469; *People v. Curiel* (2023)

---

[7]     Section 1172.6, subdivision (a), provides:  "A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts" if specified conditions are met.

15 Cal.5th 433, 449-450.)  Because a section 1172.6 hearing is "a continuation of the underlying criminal proceeding" (*Gomez v. Superior Court* (2024) 100 Cal.App.5th 778, 787), the only issue before the superior court is whether the "petitioner could not presently be convicted of murder or attempted murder." (§ 1172.6, subd. (a)(3); see *People v. Clements* (2022) 75 Cal.App.5th 276, 294 ["The question is whether the petitioner committed murder under a still-valid theory, and that is a factual question."].)

If, as here, appellate counsel finds no arguable issues exist in a postconviction appeal from the denial of a Penal Code section 1172.6 petition, the reviewing court is not required to independently review the record.  (*People v. Delgadillo, supra,* 14 Cal.5th at p. 232.)  However, "[i]f the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion."  (*Ibid.*)

Vasquez's argument that he had made mistakes and now wants to pursue a path of nonviolence, while commendable, is not a basis for granting a petition for resentencing under section 1172.6.  (See *People v. Rodriguez* (2024) 103 Cal.App.5th 451, 457 [§1172.6 "does not permit "'litigat[ing] anew" any trial issues or allowing "a petitioner to challenge any aspect of the factfinding from the original trial that [they] wish[] to revisit.""'].) This argument is more appropriately raised before the parole board.  (See Cal. Code Regs., tit. 15, § 2402, [setting forth what information shall be considered by the parole board to determine suitability of parole, including "past and present mental state," "behavior before, during and after the crime," and "past and present attitude toward the crime"].)  Vasquez's argument

regarding his mistaken belief his girlfriend had been raped is likewise not a basis for relief under section 1172.6.

## DISPOSITION

The order denying Vasquez's petitions for resentencing is affirmed. The superior court is directed to prepare an amended abstract of judgment reflecting that Vasquez was convicted of attempted murder and to send a copy of the amended abstract of judgment to the California Department of Corrections and Rehabilitation.


FEUER, J.

We concur:



MARTINEZ, P. J.



SEGAL, J.

11